UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:13-cr-00430-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| HUMBERTO MOISES RODRIGUEZ, | |
| Defendant. | |

AIKEN, Chief Judge:

    Defendant is charged with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), possession of methamphetamine in violation of 21 U.S.C. § 844, and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant previously moved to suppress all evidence obtained directly and indirectly from a search following a traffic stop, arguing that the stop violated his rights under the Fourth Amendment. The court denied the motion and the case was scheduled

1    - OPINION AND ORDER

for trial. The government subsequently sought and obtained a second search warrant to search several cellular phones seized during the stop. Defendant now seeks to suppress evidence obtained as a result of the second search of the phones. The motion is denied.

BACKGROUND

On April 10, 2012, the driver of a vehicle in which defendant was a passenger was stopped for a traffic violation. Ultimately, defendant was asked to step out of the vehicle; when he did, a prescription bottle containing marijuana fell out of the vehicle and onto the ground. State troopers searched defendant and found a pocket knife in his pants pockets and almost one ounce of methamphetamine in his sweatshirt. The troopers also found a small tin containing methamphetamine on the ground, packaging material and a small spoon. Four cellular phones were also recovered and seized as a result of the traffic stop.

On May 1, 2012, defendant was charged with possession with intent to distribute methamphetamine.[1] The same day, ATF Special Agent Greg Johanson obtained a search warrant for the cellular phones from U.S. Magistrate Judge Thomas M. Coffin.

Pursuant to the warrant, law enforcement officers were required to "perform an initial search of the original digital

---

[1] On August 20, 2014, a superseding indictment was returned charging defendant with possession with intent to distribute methamphetamine, possession of methamphetamine, and felon in possession of a firearm.

2   - OPINION AND ORDER

Device or image within a reasonable amount of time not to exceed 120 days from the date of the execution of the warrant." Def. Ex. 1 at 42, ¶ 25c. The warrant further provided:

> [i]f, after conducting the initial search, law enforcement personnel determine that the Device contains any data falling within the list of items[2] to be seized pursuant to this warrant, the government will retain the Device to, among other things, litigate the admissibility/authenticity of the seized items at trial, ensure the integrity of the copies, ensure the adequacy of chain of custody, and resolve any issues regarding contamination of the evidence. . . . The government shall complete the search of the Device within 180 days of the date of execution of the warrant. If the government needs additional time to complete the search, it may seek an extension of the time period from the Court within the original 180-day period from the date of the execution of the warrant.

Def. Ex. 1 at 42-43, ¶ 25c. The warrant also instructed:

> [i]f at the conclusion of the search, law enforcement personnel determine that particular files or file folders on the Device do not contain any data falling within the list of items to be seized pursuant to the warrant, they will not search or examine those files or folders without further authorization from the Court.

Def. Ex. 1 at 43, ¶ 25d. Finally, the warrant stated:

> [i]f the Device does not contain any data falling within the list of items to be seized pursuant to this warrant, the government will return the Device to its own within a reasonable period of time following the search of the Device.

---

[2]The list of items to be seized included "[l]ists of drug customers and related identifying information" and "[a]ny photographs, videos, voicemails, text messages or other electronic information relating to the possession with intent to distribute methamphetamine, the distribution of methamphetamine, or the possession of a Springfield, model XD40, .40 caliber pistol." Def. Ex. 1 at 29; see also doc. 4 at 3.

3    - OPINION AND ORDER

Def. Ex. 1 at 43, ¶ 25e.

On May 8, 2012, the government executed the first search warrant. The cellular phones, identified as E-10, E-11, E-12 and E-14, were sent to Oregon State Police Sergeant Dan Conner for analysis. On May 23, 2012, Sgt. Conner examined the four phones using Cellebrite UFED software. See Johanson Decl. Ex. 1. Of these phones, E-10 and E-11 belonged to defendant.[3]

The phone identified as E-11 was protected by a password, and the Cellebrite software could not be used. Id. Ex. 1. However, the SD card on E-11 contained multiple folders and sub-folders, which allegedly included an image of a handgun superimposed over a picture of defendant. See Doc. No. 99 (Ex. 31). The search of E-10 revealed a contact list; however, no text messages or call logs were recovered. The government provided defendant with all of the data recovered from the phones on July 13, 2012.

As the case proceeded to trial, the government inquired whether newer technology could obtain additional data from the phones, including text messages, that was not recoverable during the initial search. Johanson Decl. ¶9. ATF Special Agent Michael Collier indicated that current forensic analytical software likely could recover additional data. See Collier Decl. ¶5.

---

[3]The government correctly argues that defendant cannot challenge the search and seizure of the driver's phones, as he lacks standing to do so. See Rakas v. Illinois, 439 U.S. 128, 133-34 (1978); United States v. Struckman, 603 F.3d 731, 746 (9th Cir. 2010).

4   - OPINION AND ORDER

On October 10, 2014, the government obtained a second search warrant from Magistrate Judge Coffin. The affidavit in support of the second warrant described the initial search and explained that the phones remained in ATF custody. Def. Ex. 1 at 5-6. Pursuant to the warrant, the devices were sent to SA Collier and searched. See Collier Decl. ¶6.

Additional data, including text messages related to drug dealing, were found on both of defendant's phones, E-10 and E-11. Defendant now seeks to suppress that data.

## DISCUSSION

In support of his motion, defendant argues that the prolonged seizure of his phones beyond the time prescribed by the first search warrant was unreasonable. Absent extension of the first search warrant, defendant argues that the government's prolonged possession of the cellular phones - 29 months - violated his possessory rights and was unreasonable under the Fourth Amendment. Defendant maintains that the government's interest in discovering inculpatory evidence does not justify the seizure of the phones for twenty-nine months to allow for technological advancement to enable a second search. Defendant thus argues that the government's unreasonable retention of his phones rendered the second search unconstitutional under the Fourth Amendment.

The government responds that it lawfully seized and retained the phones as evidence, and that suppression is not warranted. The

5    - OPINION AND ORDER

government contends that the first search was completed within 180 days after execution of the warrant, and it therefore had no need to seek an extension to complete that search. Rather, as the case proceeded to trial, the government sought to employ newer technology to conduct a separate, second search; accordingly, the government sought and obtained a second search warrant. The government maintains that defendant's possessory rights were not violated by the extended seizure of his phones, because the government was authorized to retain them until the case concluded in any event. I agree.

Importantly, defendant does not challenge the sufficiency of the first or second search warrants. Likewise, defendant does not allege undue delay between the initial seizure of the phones and the execution of the first search warrant. Rather, defendant's argument rests on the presumption that law enforcement officers were not authorized to retain defendant's cellular phones after completion of the first search.

However, as pointed out by the government, the first search warrant explicitly authorized the government to retain the phones if incriminating evidence was discovered. See Def. Ex. 1 at 42, ¶25c ("If . . . the Device contains any data falling within the list of items to be seized pursuant to this warrant, the government will retain the Device.") (emphasis added). Conversely, the warrant instructed law enforcement officers to return the phones if no

6   - OPINION AND ORDER

incriminating evidence was discovered. <u>Id.</u> Ex. 1 at 43, ¶25e.

Here, during the first search of the phones, officers found a potentially incriminating photograph and contact list and retained the phones as evidence, as authorized by the search warrant. Even with no second search warrant, the phones would have been retained for trial. <u>See</u> <u>United States v. Kaczynski</u>, 416 F.3d 971, 974 (9th Cir. 2005) ("Property seized for the purposes of a trial that is neither contraband nor subject to forfeiture should ordinarily be returned to the defendant once trial has concluded.").

Defendant's reliance on <u>United States v. McKany</u> is misplaced. <u>See</u> 2013 WL 6267585 (S.D. Cal. Dec. 4, 2013). There, the government applied for an extension of a warrant to search for digital evidence, and its request exceeded by two days the time period allowed for extension. The district court found that the delay was immaterial and that the eight-month period to complete the search was not unreasonable in light of the circumstances. <u>Id.</u> at *11-13. Here, the government did not retain the phones 29 months before completing the initial search or requesting an extension. Rather, the government completed the first search, retained the phones as authorized by the warrant, and then sought a second search warrant before searching the phones for a second time. The second warrant was issued, and the government proceeded accordingly.

Granted, as reflected by the witness testimony, it is uncertain whether newer technology would have yielded additional

information from the phones if sought within the 180-day period or after extension of the first warrant. Regardless, completion of the first search revealed relevant information regarding potential drug contacts and firearms and authorized the government to retain the phones until the conclusion of trial. Moreover, defendant did not request or seek the return of his phones during the time they were retained by law enforcement, even though the warrant directed their return if no incriminating evidence was discovered.

Accordingly, defendant has not shown that the retention of his phones affected his possessory interests. As the government was authorized to retain the phones, the second search - authorized by warrant - was not unconstitutional.

Defendant also argues that the government violated Fed. R. Crim. P. 41(e)(2)(B) by retaining his phones beyond the specified time limit established by the first search warrant. Fed. R. Crim. P. 41(e)(2)(B) ("Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant."). However, as explained above, the first search warrant authorized the government to retain the phones, and the government sought a second search warrant before conducting a second search. Therefore, I find the searches consistent with the applicable warrants.

///

///

8   - OPINION AND ORDER

## CONCLUSION

Defendant's Motion to Suppress Evidence (doc. 117) is DENIED.

IT IS SO ORDERED.

Dated 6th day of February, 2015.

                                          /s/ Ann Aiken
                                          Ann Aiken
                              United States District Judge